**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  25-CV-1032-REB-CYC

ZEPHERINE MILLER, an individual,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; and TRANS UNION LLC, a Delaware limited liability company,

    Defendants.

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

The Scheduling Conference was held on June 4, 2025 at 10:00 a.m. Counsel for each party are as follows:

Counsel for Plaintiff: Daniel Vedra of Vedra Law LLC, located at 1444 Blake Street, Denver CO, 80202, (303) 937-6540.

Counsel for Defendant Trans Union LLC: Paul W. Sheldon, Quilling, Selander, Lownds, Winslett & Moser, P.C., 6900 N. Dallas Parkway, Suite 800, Plano, Texas 75024 Tel: (214) 560-5453.

Counsel for Defendant Experian Information Solutions, Inc: Julian E.L. Gale, *pro hac vice forthcoming*, Jones Day, 110 N. Wacker Drive Suite 4800, Chicago Illinois 60606 Tel: (312) 269-4157; Tyler Bates, Ruebel & Quillen, 8461 Turnpike Drive, Suite 206 Westminster, CO 80031 Tel: (888) 989-1777

Counsel for Defendant Equifax Information Services, LLC: Jibril Greene, Seyfarth Shaw LLP, 2323 Ross Avenue, Suite 1660, Dallas, Texas 75201; Tel: (469) 608-6745

1

## 2. STATEMENT OF JURISDICTION

Jurisdiction is proper based on 28 U.S.C. § 1331, 15 U.S.C § 1681p, and 15 U.S.C. § 1692k(d).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. **Plaintiff:**

This action concerns the three national consumer reporting agencies' failure to remove inaccurate information from credit reports in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Plaintiff Zepherine Miller moved to Colorado to make a better life for herself and her children. She applied to rent an apartment at a complex in Denver, Colorado called "Alas Over Lowry". After she signed the lease, which contained no security deposit, the landlord demanded that she pay a security deposit and refused to give her the keys to the apartment. When Plaintiff did not give in to the landlord's improper demands, the landlord turned the alleged obligation over to its debt collector, National Credit Systems, Inc. ("NCS"). NCS commenced reporting this incorrect obligation to the three national consumer reporting agencies, Equifax, Experian, and Trans Union.

Plaintiff then retained counsel and sued the landlord. She was successful. Among other things, the landlord consented to a judgment where the District Court for the City and County of Denver declared that the lease was "void" and that Plaintiff "is not obligated to [the landlord] under the subject lease." Still, the lease remained on her credit. To remove this matter from her credit, Plaintiff submitted three dispute letters, one to each of the Defendant, and included the court order declaring that she did not owe the landlord any money and the lease was void. The Defendants allegedly re-investigated the dispute but concluded that the tradeline was accurate—

2

notwithstanding that a court of competent jurisdiction had declared the underlying obligation void. The three consumer reporting agencies then sent letters to Plaintiff stating that the lease would remain on her credit. Plaintiff then disputed the account with two of the consumer reporting agencies by phone. Still, the lease remained on her credit. This lawsuit followed.

### b. Defendant Trans Union:

As discovery has yet to commence, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union reasonable reinvestigated Plaintiff's disputes regarding the reporting of the National Credit Systems, Inc. collection account and maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources such as National Credit Systems, Inc. and may reasonably rely upon the data furnisher which is required to investigate a consumer dispute under 1681s-2(b) after receiving notice from a consumer reporting agency. Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Equifax, Experian, third party National Credit Systems, Inc., and potential other third parties. Therefore, this statement is based on the facts known by

317987314v.1

Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

    c.    **Defendant Experian:**

Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian denies Plaintiff's claims and denies that it has violated the FCRA. At all times relevant times, Experian maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Experian further denies it was the proximate cause of any damages alleged by Plaintiff, and it denies that Plaintiff is entitled to any of the relief sought in the Complaint. In making this statement, Experian does not waive any of its defenses and reserves the right to supplement as this case and the facts develop. Experian does not allege any damages at this time, but reserves the right to do so.

    d.    **Defendant Equifax:**

Defendant Equifax Information Services ("Equifax") is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as

the facts are developed.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Jurisdiction and venue are proper.

2. Each of the defendants are "consumer reporting agencies" under the FCRA.

## 5. COMPUTATION OF DAMAGES

Plaintiff:

1. Plaintiff seeks actual damages under the FCRA. These damages include, but are not limited to, harm to credit standing, increased financial burdens, emotional distress, and other non-economic matters. The foregoing damages are not reasonably subject to calculation as contemplated by Rule 26(a)(1), are to be determined by the jury, or are the subject of expert testimony.

2. Plaintiff seeks statutory damages under 15 U.S.C. § 1681n(a)(1)(A).

3. Plaintiff's non-economic damages are not capable of precise disclosures as contemplated by Fed. R. Civ. P. 26(a)(1)

4. Plaintiff is entitled to her reasonable attorney fees and cost pursuant to 15 U.S.C. § 1692k(a)(3); 15 U.S.C § 1681n(a)(3); and 15 U.S.C. § 1681o(b).

5. Plaintiff intends to seek punitive damages under 15 U.S.C. § 1681n(a)(2).

Defendant Trans Union:

Trans Union denies that it caused any damages to Plaintiff and denies that Plaintiff is entitled to the relief sought in the Complaint. Trans Union does not allege any damages at this time.

5

317987314v.1

Defendant Experian:

Experian denies that it is the proximate cause of any damages to Plaintiff and denies that Plaintiff is entitled to the relief sought against Experian in the Complaint. Experian does not allege any damages at this time.

Defendant Equifax:

Equifax denies that Plaintiff suffered any actionable damages that were caused by Equifax, and denies Plaintiff is entitled the relief sought in the Complaint. Equifax does not allege any damages at this time.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

May 12, 2025.

b. Names of each participant and party he/she represented.

Daniel J. Vedra representing Plaintiff.

Paul W. Sheldon represents Defendant Trans Union LLC.

Tyler J Bates represented Experian Information Solutions, Inc.

Jibril Greene represents Equifax Information Services LLC.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

Plaintiff:  The parties completed their Rule 26(f) meet and confer on May 12, 2025.  Pursuant to Rule 26(a)(1)(C), Plaintiff made her initial disclosures on June 2, 2025.

Trans Union will serve its Rule 26(a)(1) Initial Disclosures on or before June 2, 2025.

Experian will serve its Rule 26(a)(1) Initial Disclosures on or before June 2, 2025.

317987314v.1

Equifax will serve its Rule 26(a)(1) Initial Disclosures on or before June 2, 2025.

    d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R.Civ. P. 26(a)(1).

Plaintiff:  Plaintiff timely made her disclosures and did not agree to alter the deadline.

    e.   Statement concerning any agreements to conduct informal discovery:

None.

    f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to number deposition exhibits consecutively.

    g.   Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: if each party has electronically stored information, it will all be subject to disclosure and/or discovery.  The parties expect to exchange all relevant documents in Portable Document Format (PDF) unless the native format is specifically requested.

The parties agree that there may be a need for discovery in this case to be governed by a protective order.  If the parties agree concerning the need for and scope and form of such a protective order, their counsel will confer and then submit a jointly proposed protective order to the Court at such time. If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum.

    h.   Statement summarizing the parties' discussions regarding the possibilities for

7

promptly settling or resolving the case.

Defendants have requested an early settlement proposal and do not believe that the deposition of the individuals who processed the disputes for the defendants are necessary since Plaintiff's counsel has already deposed one or more of the defendants' 30(b)(6) witnesses in Plaintiff's prior lawsuit against National Credit Systems, Inc. Plaintiff is willing to entertain making a settlement demand upon the deposition of the persons who processed the disputes for the defendants.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

Each side may take up to ten depositions. Fed. R. Civ. P. 30(a)(2)(A)(i). Each party may serve on any other party up to 25 interrogatories. Fed. R. Civ. P. 33(a)(1).

b. Limitations which any party proposes on the length of depositions.

All depositions shall be limited to seven hours. Plaintiff does not anticipate that any of the depositions she intends to take will last more than three hours, excluding experts.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

Each party may serve up to 20 Requests for Production and 20 Requests for Admission on each other party.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

8

317987314v.1

All written discovery requests must be served sixty days before the discovery cutoff.

e. Other Planning or Discovery Orders

OBJECTIONS TO DISCOVERY REQUESTS:

Plaintiff seeks the Defendant to agree that there will be no general objections included in discovery responses for three important reasons: 1. It makes it unclear whether the "general objection" applies to any specific request and the rules require specific objections, e.g., Rule 33 (b)(4) "The grounds for objecting to an interrogatory must be stated with specificity."; 2. There is no clear indication that by including general objections as to whether or not any information is actually being withheld based on the objection; 3. To the extent that the general objection is based on privilege or work product, a party who asserts a privilege or work product must comply with Rule 26(b)(5) that requires the party to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed-and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Therefore, a general objection on these grounds is not appropriate.

Court: The Court encourages limiting objections to situations in which they are specifically applicable to save the parties time but is not ordering that there shall be no general objections.

Plaintiff also seeks the Defendant to agree that if a specific objection is made by a party to a discovery request, the party must state whether or not there is any discovery being withheld on the basis of the objection. This can alleviate unnecessary motion practice for the parties. If there is no discovery withheld, then there is no need for a motion to compel if there is an issue as to the

9

viability of the objection.

Court: The parties shall comply with Rule 34(b)(2)(C)'s requirement that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."

The parties are not seeking documents or information protected by privilege or otherwise exempted from discovery under the Federal Rules of Civil Procedure or other laws.

The parties agree that following service of any interrogatory response or document production form which some or all information or documents are withheld on the basis of privilege, the parties will confer on the scope of the interrogatories and/or requests for production, the need to limit the scope of same, and any need for privilege logs.

If a discovery dispute arises during an on-going deposition, the parties must jointly call Magistrate Judge Chung's chambers. For all other discovery disputes, the movant must email Chung_Chambers@cod.uscourts.gov, copying all parties, with a brief description of the dispute and a request for a Discovery Conference. *See* D.C.COLO.MJ VI.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

July 7, 2025.

b. Discovery Cut-off:

December 1, 2025

c. Dispositive Motion Deadline:

January 1, 2026

    d.    Expert Witness Disclosure

        1.    The parties shall identify anticipated fields of expert testimony, if any.

Plaintiff: Plaintiff may disclose a witness in the area of consumer credit, the handling of credit disputes, and damages therefrom. This may be more than one expert in different fields.

Defendants: Defendants may retain an expert on the reasonableness of its procedures and damages and rebuttal expert(s) depending on Plaintiff's designation(s).

        2.    Limitations which the parties propose on the use or number of expert witnesses.

The Parties agree to no more than one expert per topic, per side.

Plaintiff's Proposal on Timing:

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 1, 2025

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 1, 2025

    e.    Identification of Persons to Be Deposed:

Plaintiff:

All dispute investigators for each of Plaintiff's five (5) disputes.

Defendants:

Trans Union will depose Plaintiff, third party National Credit Systems, Inc., and potential other third parties as necessary, and anyone else identified in Plaintiff's initial disclosures and/or

11

discovery responses.

Experian will depose Plaintiff, and potential other third parties as necessary, and anyone else identified in Plaintiff's initial disclosures and/or discovery responses.

Equifax will depose Plaintiff, witnesses with knowledge as designated by Plaintiff, and/or the authorized representative of National Credit Systems, Inc.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: None at this time.

b. Within two days after the Scheduling Conference, the parties shall jointly contact Senior Judge Blackburn's Chambers by email to obtain a Final Pretrial Conference date and trial date.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

Maximum of 5 days to a jury.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).
Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

Plaintiff: The scheduling order may be altered or amended only upon a showing of good cause.

Defendants: The scheduling order may be altered or amended only upon a showing of good cause or by agreement of the Parties, so long as such modifications do not change the dispositive motion deadline, final pretrial hearing, and trial.

Court: The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 4th day of June, 2025.

BY THE COURT:

_____

Cyrus Y. Chung
United States Magistrate Judge

APPROVED:

/s/ Daniel J. Vedra
Daniel J. Vedra
1444 Blake Street
Denver, CO 80202
303-937-6540

*/s/ Paul W. Sheldon*
Paul W. Sheldon
Colorado Bar No. 22747
psheldon@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5463
*Counsel for Trans Union LLC*

*/s/ Tyler Bates*
Tyler Bates
Tyler@rq-law.com
RUEBEL & QUILLEN LLC
8461 Turnpike Drive, Suite 206 Westminster, CO 80031
Tel: (888) 989-1777

*/s/ Jibril Greene*
Jibril Greene
jagreene@seyfarth.com
SEYFARTH SHAW LLP
2323 Ross Avenue, Suite 1660
Dallas, Texas 75201
Tel: 469-608-6745
*Counsel for Equifax Information Services LLC*

14