**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-01032-REB-CYC

ZEPHERINE MILLER, an individual,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC, a Georgia limited liability company; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; and TRANS UNION LLC, a Delaware limited liability company,

    Defendants.

---

**EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER**

---

    Defendant Experian Information Solutions, Inc. ("Experian") respectfully moves for a stay of discovery or, in the alternative, for a protective order pending resolution of its Motion to Compel Arbitration (ECF No. 26) (the "Arbitration Motion"). This Motion is necessary because, although Plaintiffs are obligated by contract to arbitrate all disputes with Experian and an arbitrator has been vested with exclusive authority over discovery pertaining to this dispute, Plaintiff seeks burdensome discovery from Experian under the Federal Rules of Civil Procedure. Requiring Experian to engage in this discovery in federal court would deprive it of the benefit of the bargain it struck with Plaintiffs and vitiate the terms of the parties' agreement. Experian thus respectfully requests that the Court enter an order staying discovery pending resolution of its Arbitration Motion or, in the alternative, for a protective order granting the same relief.

**LOCAL RULE 7.1(a) CONFERENCE**

Pursuant to Local Rule 7.1(a), the undersigned hereby certifies that he conferred with counsel for Plaintiff via email correspondence and via telephonic conference on October 23, 2025, regarding the requested relief, but was unable to reach a resolution. Further, this Court set a briefing schedule on this motion on November 5, 2025 pursuant to the parties' request. ECF No. 28.

**BACKGROUND**

Plaintiff Zepherine Miller ("Plaintiff") filed this action on March 31, 2025. ECF No. 1. On April 29, 2025, Experian filed its Answer, wherein Experian raised that Plaintiff's claims may be subject to an arbitration agreement between herself and Experian. ECF No. 11 at 22. After several failed attempts at resolution to moot the need for arbitration and soon after receiving Plaintiff's initial settlement demand on October 17, 2025, Experian filed its Arbitration Motion on October 27, 2025. ECF No. 26. The Parties previously exchanged limited written discovery. Courts addressing identical motions under the same or similar CreditWorks Terms of Use have granted such motions and compelled arbitration. *See* ECF No. 26, at 1-2 (citing nearly 50 recent cases from across the county in which courts have granted similar motions based on a plaintiff's enrollment in CreditWorks). Plaintiff has served notices for a FRCP 30(b)(6) deposition and FRCP 30(b)(1) depositions on Experian. No depositions have been taken.

Federal courts throughout the nation have consistently stayed discovery under similar circumstances and the Supreme Court recently affirmed the reasoning behind this regular practice in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915, 192–22 (2023). In accordance with this authority, multiple federal courts have granted nearly identical motions to stay filed by Experian. *See, e.g., Newton v. Experian Info. Sols., Inc.*, 2024

2

WL 1075239 (S.D. Ga. Feb. 20, 2024); *Alvarez v. Experian Info. Sols., Inc.*, 2021 WL 2349370 (E.D.N.Y. June 7, 2021); *Stephens v. Experian Info. Sols., Inc.*, 2022 WL 18587893 (D. Haw. July 5, 2022); *Oestreicher v. Equifax Info. Servs., LLC*, 2023 WL 3819378 (E.D.N.Y. June 5, 2023); *Ferrell v. AppFolio, Inc.*, 2024 WL 132223 (C.D. Cal. Jan. 8, 2024); *Williams v. Experian Info. Sols. Inc.*, 2024 WL 739676 (D. Ariz. Feb. 23, 2024); *Ramirez v. Equifax Info. Servs., LLC*, 2024 WL 3259669, at *2 (E.D. Tex. July 1, 2024).

Courts in this District also frequently grant stays of discovery pending the resolution of a motion to compel arbitration, including to Experian. *See, e.g.*, *Colombia v. Experian Info. Sols., Inc.*, 2025 WL 1068586 (D. Colo. Apr. 9, 2025), *Med. Prac. Mgmt. Grp., LLC v. Gordon*, 2023 WL 2681970 (D. Colo. Jan. 27, 2023); *Nardo v. Homeadvisor, Inc.*, 2022 WL 1198995 (D. Colo. Jan. 4, 2022); *Richan v. Ageiss, Inc*., 2022 WL 2643565 (D. Colo. July 7, 2022). The Court should do the same here.

## **LEGAL ARGUMENT**

### **I. A Discovery Stay Is Appropriate Pending Resolution Of A Motion To Compel Arbitration**

Experian's Arbitration Motion presents a threshold question likely to dispose of the case and a stay of discovery is appropriate until it is resolved. "When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Vivid Technologies, Inc., v. American Science & Engineering, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999). "[T]he power to stay is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Richan v. Ageiss, Inc.*, 2022 WL

3

2643565, at *2 (D. Colo. July 7, 2022) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931))).

"[T]he Colorado legislature has expressed the public policy of Colorado as favoring a stay of proceedings while the Court considers a motion to compel arbitration." *Stone v. Vail Resorts Dev. Co.*, 2010 WL 148278, at *4 (D. Colo. Jan. 7, 2010); *see also* C.R.S. § 13–22–207(6) ("If a party files a motion with the court to order arbitration, the court on just terms shall stay any judicial proceeding that involves a claim alleged to be subject to the arbitration until the ordering court renders a final decision under this section."). This is because arbitrability is a threshold question likely to dispose of the case. "[D]iscovery on the merits" before "the issue of arbitrability is resolved puts the cart before the horse. If a dispute is arbitrable, responsibility for the conduct of discovery lies with the arbitrators . . . ." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002).

If the parties are required to engage in discovery while the Court adjudicates Experian's Arbitration Motion, the parties "will forever lose the advantages of arbitration," namely "speed and economy," which would undermine their bargained-for rights. *In re CenturyLink Sales Pracs. & Sec. Litig.*, 2018 WL 2122869, at *2 (D. Minn. May 8, 2018) (quoting *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (citations omitted)). And if Experian's Motion to Compel is granted, it may "unnecessarily subject [the parties] to the very complexities, inconveniences and expenses of litigation that they determined to avoid." *Richan*, 2022 WL 2643565 at *3 (quoting *Valverde v. Xclusive Staffing, Inc.*, 2016 WL 8737774, at *2 (D. Colo. Nov. 4, 2016) (quoting *Cook v. Pensa, Inc.*, 2014 WL 1660480, at *2 (D. Colo. Apr. 25, 2014))).

4

"Moreover, if Plaintiff is compelled to arbitrate, the court will be required under the FAA to stay the proceedings pending the outcome of the arbitration." *Richan*, 2022 WL 2643565 at *3; *see also* 9 U.S.C. § 3. As a result, "courts in [the District of Colorado] have exercised their discretion to stay discovery pending the resolution of a Motion to Compel Arbitration." *Richan*, 2022 WL 2643565 at *3. Likewise, "[t]he court's time is not well-served by being involved in possible discovery motions and other incidents of discovery" while dispositive motions, such as a Motion to Compel Arbitration, are pending. *Grosvenor v. Qwest Communs. Int'l, Inc.*, 2010 WL 1413108, at *2 (D. Colo. Apr. 1, 2010).

## II. The *String Cheese* Factors Weigh In Favor Of Staying Discovery

"When ruling on a motion to stay, courts weigh the following factors: (1) the plaintiff's interests in expeditiously litigating this action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest (the "*String Cheese* factors")." *Richan*, 2022 WL 2643565 at *2 (quoting *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006)). Here, the *String Cheese* factors weigh in favor of staying discovery.

*First*, the burden on Defendant weighs in favor of a stay. "[C]ourts have concluded that requiring a defendant to proceed with discovery while a motion to compel arbitration is pending may cause an undue burden on the defendant." *Richan*, 2022 WL 2643565 at *3; *see also Stone*, 2010 WL 148278, at *2 (citing cases). "Altogether, it is in both parties' interests to save expenses while the initial determination of whether [a] case is subject to arbitration is considered by the district court." *Grosvenor*, 2010 WL 1413108, at *1. Proceeding with formal discovery in this forum would increase costs, decrease efficiency,

5

and ultimately deprive Experian of its bargained-for benefit to arbitrate this dispute. Moreover, "if, in the absence of a stay, [Experian's] Motion to Compel Arbitration is granted, any discovery conducted will have been wasteful." *Colombia v. Experian Info. Sols., Inc.*, 2025 WL 1068586, at *2 (D. Colo. Apr. 9, 2025) (granting temporary stay of discovery to Experian pending resolution of Experian's motion to compel arbitration).

Courts outside this Circuit agree. *See Mahamedi IP Law, LLP v. Paradice & Li, LLP*, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017); *Klepper v. SLI, Inc.*, 45 Fed. App'x 136, 139 (3d Cir. 2002) (noting that the benefits of arbitration are lost when parties are required "to submit to full discovery under the Federal Rules of Civil Procedure [that] may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid'"); *Recognition Equip., Inc. v. NCR Corp.*, 532 F. Supp. 271, 275 (N.D. Tex. 1981) (explaining that arbitration is designed to "facilitate and expedite the resolution of disputes, ease court congestion, and provide disputants with a less costly alternative to litigation" and proceeding with discovery under the Federal Rule of Civil Procedure pending arbitration would not further those objectives); *see Mundi v. Union Sec. Life Ins. Co.*, No. CV–F–06–1493, 2007 WL 2385069, at *6 (E.D. Cal. Aug. 17, 2007) (finding that "the parties should not be required to endure the expense of discovery that ultimately would not be allowed in arbitration").

"Moreover, if Plaintiff is compelled to arbitrate, the court will be required under the FAA to stay the proceedings pending the outcome of the arbitration." *Richan*, 2022 WL 2643565 at *3; *see also* 9 U.S.C. § 3. As a result, courts "have exercised their discretion to stay discovery pending the resolution of a Motion to Compel Arbitration." *Richan,* 2022 WL 2643565 at *3. Alternatively, if the motion is denied and Experian exercises its

6

statutory right to an immediate appeal, the entire case as to Experian must be stayed pending that appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 742-43 (2023) (mandating stay of case pending appeal of denial of motion to compel arbitration). Thus, in either circumstance, Experian will be granted a stay, and delaying that stay would irreparably harm Experian.

Courts frequently stay discovery pending resolution of a motion to compel arbitration for these reasons. *See, e.g., Norman v. Travelers Ins. Co.*, No. 3:19-CV-2351-S-BN, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019) (stay of discovery pending resolution of motion to compel arbitration); *Patel v. Regions Bank*, No. 18-CV-796-BAJ-RLB, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018) (stay of discovery pending resolution of motion to compel arbitration); *Athas Health LLC v. Giuffre*, No. 3:17-CV-300-L, 2017 WL 8809604, at *1 (N.D. Tex. Oct. 12, 2017) (same); *Arik v. Meyers*, Case No. 2:19-CV-01908-JAD-NJK, 2020 WL 515843 (D. Nev. Jan. 31, 2020) (same); *Burgos v. Trans Union, LLC*, No. 16-CV-6338, 2017 WL 2215272, at *4 n.3 (E.D. Pa. May 19, 2017) (same); *Sorge v. Calvary Portfolio Sers., LLC et al*, No. 3:11-CV-00297-DRH-SCW, Dkt. No. 29 (S.D. Ill. Aug. 30, 2011) (same); *Murphy v. Amsouth Bank*, 269 F. Supp. 2d 749, 750 (S.D. Miss. 2003) (same); *Seltzer v. Klein*, No. 88-CV-67837, 1989 WL 41288, at *2 (E.D. Pa. Apr. 20, 1989) (same); *Heaster v. EQT Corp.*, No. 19-CV-1463, 2020 WL 5536078, at *3 (W.D. Pa. Aug. 17, 2020) (same); *Rohn v. AT&T Mobility, LLC*, No. 2007-CV-0080, 2008 WL 4525817, at *1 (D.V.I. Oct. 3, 2008) (same); *Megacorp Logistics, LLC v. Turvo, Inc.*, No. 18-CV-01240-EMC, Dkt. No. 65 (N.D. Cal. July 30, 2018) (same).

The U.S. Supreme Court's reasoning in *Coinbase*, 599 U.S. at 742-43, also cements the importance of staying actions while the merits of a motion to compel

7

arbitration are litigated. Holding that district courts must stay proceedings while questions of arbitrability were pending on appeal, the Court observed that absent a stay, "many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along." *Coinbase*, 599 U.S. at 743. Moreover, continuing proceedings poses the "possibility that the district court will waste scarce judicial resources—which could be devoted to other pressing criminal or civil matters—on a dispute that will ultimately head to arbitration in any event. That scenario represents the 'worst possible outcome' for parties and the courts." *Id.*

That same logic applies here. *See Williams v. Experian Info. Sols. Inc.*, CV-23-01076-PHX-DWL, 2024 WL 739676 *4 (D. Ariz. Feb. 23, 2024) (granting Experian's request for temporary stay and noting "the logic of *Coinbase* suggests that a pending motion to compel arbitration qualifies as a particularly strong basis for ordering a temporary stay of discovery"). Plaintiff is seeking extensive, burdensome discovery that Experian must oppose while its motion to compel arbitration is pending, including regarding the propriety of 30(b)(6) depositions, document and discovery request demands, and Plaintiff's push to hold multiple 30(b)(1) depositions of employees of non-parties in a simple single-consumer FCRA case.[1] Even now, Plaintiff is attempting to force Experian to expend resources defending depositions and participate in discovery conferences, *see* ECF 28, on these cumulative discovery pursuits.

*Second*, in contrast, "a temporary stay of discovery will not prejudice [Plaintiff]. If

---

[1] Plaintiff had noticed a deposition of Dan Smith, who signed the affidavit in support of Experian's Arbitration Motion, but has recently withdrawn that notice without prejudice. Nonetheless, the specter of a renoticed deposition remains.

8

the claims are subject to arbitration, [Plaintiff] will not be prejudiced by being barred from taking discovery to which they are not contractually entitled. If the claims are not subject to arbitration . . . a brief delay in . . . discovery to determine what discovery is appropriate is not prejudicial." *In re CenturyLink*, 2018 WL 2122869, at *2; *see also Mahamedi*, 2017 WL 2727874, at *1 ("If the Court ultimately determines that the dispute should be arbitrated, 'responsibility for the conduct of discovery lies with the arbitrators'—and if not, Mahamedi will suffer no prejudice from a temporary stay.") (citations omitted). As this Court recently observed in identical circumstances, Plaintiff at most has "no more than a 'general interest' in moving their case forward expeditiously" that is insufficient when considered with other factors. *Colombia*, 2025 WL 1068586, at *1 (granting temporary stay of discovery deadlines pending resolution of Experian's motion to compel arbitration).

*Third*, the convenience to the Court weighs in favor of a stay. The parties' several pending discovery disputes include the propriety of 30(b)(6) depositions, document demands, and Plaintiff's push to compel Experian to defend 30(b)(1) depositions of employees of non-parties. "The court's time is not well-served by being involved in possible discovery motions and other incidents of discovery while the Motion to Compel Arbitration is pending." *Richan*, at *3 (quoting *Grosvenor*, at *2) (internal quotations omitted); *see also Coinbase*, 599 U.S. at 743 (finding allowing proceedings to continue pending appeal of denial of motion to compel arbitration could lead "district court [to] waste scarce judicial resources" that represents the "'worst possible outcome' for parties and the courts"). Absent a stay, the Court risks mooting all its efforts when the Arbitration Motion is granted.

9

*Fourth*, the interest of non-parties and the public interest would be best served by a stay of discovery in this case. "'There is a strong federal policy favoring arbitration for dispute resolution,'" and "[a]llowing extensive discovery . . . while the Court resolves a motion to compel arbitration could undermine that policy." *Richan*, at *3 (quoting *Stone*, at *4 (D. Colo. Jan. 7, 2010) (quoting *Cherry Creek Card & Party Shop, Inc. v. Hallmark Mktg. Corp.*, 176 F. Supp. 2d 1091, 1095 (D. Colo. 2001))). Plaintiff agreed to arbitrate their dispute with Experian and continued discovery in this forum would be contrary to federal policy.

Therefore, the *String Cheese* factors clearly weigh in favor of issuing a stay of discovery while Experian's Arbitration Motion is pending resolution. Experian expeditiously moved to compel arbitration of this matter and it would suffer undue burden and expense if it were forced to engage in discovery before the dispositive issue of arbitrability is decided. Likewise, the Court's interest in conserving resources and the strong public policy of favoring arbitration for dispute resolution are best served by a stay of discovery.

### III.  The Court Should, Alternatively, Enter a Protective Order

The same reasons supporting a stay of discovery also support entry of a protective order against discovery. *See Colorado Dep't of Pub. Health & Env't, Hazardous Materials And Waste Mgmt. Div. v. United States,* 2019 WL 10250760 (D. Colo. Aug. 15, 2019) (granting stay of discovery under FRCP 26(c) pending resolution of motion to compel arbitration); *Patel v. Regions Bank*, 2018 WL 6422110 *2 (M.D. La. Dec. 6, 2018) (granting motion to stay pending resolution of motion to compel arbitration under FRCP 26(c)). "Allowing Plaintiff to conduct discovery with respect to [Experian] prior to a

determination of whether Plaintiff[] and [Experian] must arbitrate their dispute would, if arbitration is required, subject [Experian] to undue burden and expense." *Merchant v. Weissman*, 1997 WL 695674, at *4 (N.D. Ill. Nov. 3, 1997) (recognizing "'Congress's clear intent, in the [Federal] Arbitration Act, to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible'" (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983))). As stated, no party, including Plaintiffs, will suffer any prejudice from a brief stay of discovery pending resolution of Experian's Arbitration Motion. *See In re CenturyLink*, 2018 WL 2122869, at *2 ("If the Court ultimately determines that the dispute should be arbitrated, responsibility for the conduct of discovery lies with the arbitrators—and if not, [the non-movant] will suffer no prejudice from a temporary stay." (citation omitted)). Therefore, a protective order is appropriate.

## CONCLUSION

For the foregoing reasons, Experian respectfully requests that the Court enter an order staying discovery or, in the alternative, for a protective order pending resolution of its Arbitration Motion.

Dated:  November 6, 2025                              Respectfully Submitted,

*/s Tyler J. Bates*
Tyler J. Bates, Esq.
RQ LAW
8461 Turnpike Drive, Suite 206
Westminster, CO  80031
T: (888) 989-1777
Email: Tyler@rq-law.com

Attorney for Defendant Experian Information Solutions, Inc.

11

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed through the Court's CM/ECF system on November 6, 2025, thereby serving it on all counsel of record.

Daniel James Vedra
Vedra Law LLC
1444 Blake Street
Denver, CO 80202
303-937-6540
Fax: 303-937-6547
Email: dan@vedralaw.com
*Attorney for Zepherine Miller*

Oren R. Depp , V
Jones Day
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
312-782-3939
Email: odepp@jonesday.com
*Attorney for Experian Information Solutions, Inc*

Jibril Greene
Seyfarth Shaw LLP
2323 Ross Avenue
Suite 1660
Dallas, TX 75201
469-608-6745
Email: jagreene@seyfarth.com
*Attorney for Equifax Information Services, LLC*

Tyler John Bates
RQ Law, LLC
8461 Turnpike Drive
Suite 206
Westminster, CO 80031
888-989-1777
Fax: 303-362-5724
Email: tyler@rq-law.com
*Attorney for Experian Information Solutions, Inc.*

Julian E. L. Gale
Jones Day
110 North Wacker Drive
Suite 4800
Chicago, IL 60606
312-782-3939
Email: jgale@jonesday.com
*Attorney for Experian Information Solutions, Inc.*

Paul W. Sheldon
Quilling Selander Lownds Winslett & Moser, P.C.
6900 North Dallas Parkway
Suite 800
Plano, TX 75024
214-871-2100
Fax: 214-871-2111
Email: psheldon@qslwm.com
*Attorney for Trans Union LLC*

/s/ *Stephanie Arnold*
Stephanie Arnold, Paralegal

12